MEMORANDUM *
Muhammad Afzal petitions for review of a Board of Immigration Appeals (BIA) order affirming an Immigration Judge’s (IJ) denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.
The IJ identified specific and cogent reasons to support her adverse credibility finding, including the inconsistencies between Afzal’s airport interview and later statements. See Kaur v. Ashcroft, 379 F.3d 876, 884 (9th Cir.2004). We recognize that border interviews are suspect sources of impeachment “because of the conditions under which they are taken and because a newly-arriving alien cannot be expected to divulge every detail of the persecution he or she sustained.” Li v. Ashcroft, 378 F.3d 959, 962-63 (9th Cir. 2004). Afzal’s airport interview, however, did not differ from his later statements in mere details or depth; rather, he expressly denied suffering any persecution in Pakistan and asserted he came to the United States to work. Because of this complete contradiction with his later statements, the IJ “could reasonably conclude that the sworn [airport] interview statement was a reliable impeachment source,” and our inquiry ends. Id. at 963. Afzal’s airport interview followed all relevant regulatory requirements and the IJ reasonably relied upon it in her adverse credibility finding. See 8 C.F.R. § 235.3(b)(2)®.
The BIA noted an additional reason that did not appear in the IJ’s decision as further support for the adverse credibility finding. It is not clear that the BIA gave this reason any material weight or any weight at all. Even so, Afzal was on notice that his credibility had been questioned, and he was therefore responsible *760 for explaining all inconsistencies in his testimony to the BIA. See Pal v. I.N.S., 204 F.3d 935, 938-39 (9th Cir.2000). Accordingly, Afzal had a reasonable opportunity to explain to the BIA all inconsistencies but did not do so. Thus, the BIA’s recognition of an additional ground for the adverse credibility determination did not violate due process. See id. at 939.
The petition for review is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.